O'BRIEN et v COLLISTER et
MIDDLEBURGH REALTY CO v
COLLISTER et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 13083 & 13084. Decided Jan 15, 1934

Mooney, Hahn, Loeser, Keough & Beam. Cleveland, for plaintiffs.

Morgan, Landrear & Baskin, Cleveland, for defendants.

BLOSSER, PJ, MIDDLETON, J (4th Dist) and SHERICK, J, (5th Dist) sitting.

## OPINION

By SHERICK, J.

Sec 3879 GC, provides that sewer assessments of this character shall be assessed in the same manner as property is assessed for other purposes. Reverting then to §3850, GC, we find it provided that a property owner whose lands are to be assessed has an unqualified right to record his objection to a proposed assessment with an equalization board lawfully constituted. This right was not afforded the plaintiffs in these cases. The defendant says this would have the effect of requiring the doing of a vain thing. We do not think so, for there is a possibility that the legally constituted board, after being duly sworn, would have revised the assessments objected to, even though the two boards had the same personnel. If this theory were correct it would be equally vain to ever ask a court to grant a new trial. It is therefore our conclusion that the plaintiffs have been denied a lawful right and that this action is maintainable and that the assessments made as against the lands of these particular complaining plaintiffs is not in accordance with law.

The plaintiffs further insist that the assessments made as against their property were not made in accordance with the benefits; and also that the improvement in no wise benefits their lands. We are not in accord with the claim last advanced but we do feel that there is merit in that the assessments as against the plaintiffs' property are in excess of the benefits received.

It is evident that council in beginning the sewer at the north boundary of the Brookfield Subdivision made it available to only seventy-five percent of the territory embraced within the sewer district. The eighty-six acres of unallotted land lying north had no access thereto by any dedicated street or provided right of way. The most southerly line of the Middleburg land is 1300 feet distant from the sewer's beginning point; and the Shaw land is distant 1100 feet at its closest point from a lateral sewer's end connecting with the outlet to the main sewer. The defendant says all of this 86 acres owned by various parties may be served by lateral sewers connecting with the outlet. If this land is ever to be allotted, as it is, we are unable to see how this can be accomplished without material injury to this property for building purposes. A cursory examination of the plat offered in evidence discloses that the only true method of affording drainage for these lands is an extension of the main sewer north gradually diminishing in size as it progresses northerly, which would be in conformity with the plan pursued in the building of the present sewer.

The Brookfield Subdivision without doubt obtained a particular present benefit from the improvement. Such cannot be said of the plaintiffs' lands; and to assess their lands in the same ratio as the subdivided area which is bi-sected by the main sewer is not to assess in accordance with the benefits received but is to disregard the benefits conferred and to adopt a theory of equal acreage benefit. Such is in this instance not a fair or just improvement by the benefit plan.

We well know it to be the policy of courts to protect and uphold assessments wherever possible; but we are not disposed to engage in any fallacious argument or process of legal reasoning whereby one man's property may be taken for the profit of another.

It is therefore this court's view that the plaintiffs are entitled to an injunction against the collection of the amounts now assessed and levied against their properties and such is the judgment of this court, with the recommendation that a reassessment of the plaintiffs' properties be made in accordance with law and the plan adopted.

MIDDLETON and BLOSSER, JJ, concur.